## Case No. 4,452.

### The EMILY.

[1 Blatchf. 236;[1] 6 N. Y. Leg. Obs. 340.]

Circuit Court, S. D. New York. April Term, 1847.[2]

Washington Q. Morton and Alexander Hamilton, Jr., for libellants.

Francis B. Cutting, for claimant.

NELSON, Circuit Justice. I have studied the facts in this case, which are voluminous, with a great deal of attention, and though the case is not without difficulty, owing to the serious conflict of the evidence in respect to almost all the material facts upon which the decision must depend, I am bound to say, that my examination has led me to the conclusion that, according to the weight of the evidence, the Emily was in fault.

1. The Virginian was to the windward, and the Emily to the leeward, the former heading along the shore, north or north by west, and the latter, south by east or south-south-east; and the two vessels were half a mile or a mile distant from each other. when the Emily was first been by the hands on board the Virginian.

2. The Virginian at no time changed her course more to the east, or in the direction of the Emily; on the contrary, immediately on discovering danger of collision, she bore farther up into the wind, which was west-north-west. She was not only not in fault at any time, but appears to have received and obey-

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [Affirming Case No. 4,452.]

ed the only order that could have availed her in the emergency.

3. If the Emily had followed her course, much more, if she had fallen off before the wind, which she might readily have done, the collision could not have occurred. It is, I think, reasonably certain, that the mistaken order of the mate to the man at the wheel, in connection with the derangement of the running rigging of the vessel, and the confusion on board among the hands, on account of the vessel's having misstayed a few minutes before, led to a change of course, and the consequent collision.

It is apparent, also, that the hands on board the Emily failed to keep a proper lookout; for, if they had done so, the Virginian might, according to the weight of the evidence, have been seen before the accident at the distance of some half a mile; and, from the relative position of the vessels, a proper precaution on the part of the Emily at that distance, or even at a less distance, would have prevented the disaster.

The facts, beyond all doubt, bring the case down to the simple question, whether the collision occurred by accident or by the fault of the Emily. It is a most unfortunate case for the parties concerned, in any aspect in which it can be viewed, or upon any conclusion that may be arrived at; but I feel bound to say that, according to the weight of the evidence, the Emily was in fault. She might have avoided the collision by the use of proper caution, skill, and vigilance. Decree affirmed.